■ In the Matter of ROBERT ESCALERA, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. (Proceeding No. 1.) In the Matter of MICHAEL W. DOWNEY, Petitioner, v ALAN G. HEVESI, as Comptroller of the Sate of New York, Respondent. (Proceeding No. 2.) In the Matter of JAVIER L. CORONA, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York, Respondent. (Proceeding No. 3.) [780 NYS2d 92]—

Rose, J. Three proceedings pursuant to CPLR article 78 (transferred to this Court by three orders of the Supreme Court, entered in Albany County) to review three determinations of respondent which denied petitioners' applications for performance of duty disability retirement benefits.

Petitioners are correction officers employed by the Westchester County Department of Corrections. As a result of the investigation of accusations of sexual misconduct made by female inmates against them, petitioners faced both criminal and disciplinary charges. After all charges resulted in acquittals or dismissals, petitioners stopped working and filed applications for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 607-c. They based their applications on the claim that they were mentally incapacitated as a result of the arrests, suspensions, negative publicity, trials

and hearings that occurred following the inmates' accusations. Each application was ultimately denied on the grounds that the statute covers only injuries caused by direct interaction with inmates and each petitioner's injuries were caused instead by subsequent intervening events. Petitioners then commenced these CPLR article 78 proceedings to annul respondent's determinations. The proceedings were transferred here by Supreme Court and joined together by an order of this Court.

Where, as here, respondent's interpretation of the terms of the Retirement and Social Security Law involves his expertise in the administration of disability retirement benefits, it is entitled to deference unless it is " 'irrational, unreasonable or inconsistent with the governing statute' " (*Matter of McMorrow v Hevesi*, 6 AD3d 925, 927 [2004], quoting *Matter of Whitehill v New York State Teachers' Retirement Sys.*, 142 AD2d 902, 904 [1988], *affd* 73 NY2d 944 [1989]; *see Matter of Campanelli v McCall*, 288 AD2d 680, 681 [2001], *lv denied* 97 NY2d 611 [2002]). As is relevant here, Retirement and Social Security Law § 607-c (a) provides that a county correction officer "who becomes physically or mentally incapacitated for the performance of duties . . . as the natural and proximate result of any act of any inmate . . . shall be paid a performance of duty disability retirement allowance."

We cannot say that it was irrational for respondent to interpret this statutory language to require that a correction officer's injuries be caused by direct interaction with an inmate. Nor was it unreasonable or inconsistent to find that the connections between the inmates' accusations and petitioners' injuries here were too attenuated to afford coverage under the statute. While the investigations which resulted in formal charges and proceedings against petitioners began in response to inmate accusations, the record is clear that those accusations did not directly cause petitioners' injuries. Rather, the direct causes were the subsequent events set in motion by the discretionary and intentional acts of officials of the Department of Corrections and the District Attorney of Westchester County in pursuing criminal and disciplinary actions against petitioners. Accordingly, we must reject petitioners' contention that respondent read the statute too narrowly.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.