■ In the Matter of GENO EGIZIACO, Petitioner, v OFFICE OF COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents. [789 NYS2d 339]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner worked as a records identification correction officer at Valhalla Correctional Facility in Westchester County. On December 31, 1991, he was walking in the parking lot transporting certain inmate records from one building to another when

he slipped on ice, injuring his right hand and arm. Thereafter, he applied for performance of duty disability retirement benefits under Retirement and Social Security Law § 607-c. Petitioner's application was initially denied. Following a hearing, a Hearing Officer upheld the denial, finding that petitioner was not injured as the result of an act of an inmate as required by Retirement and Social Security Law § 607-c. Respondent Comptroller adopted the findings and conclusions of the Hearing Officer and this CPLR article 78 proceeding ensued.

We confirm. Retirement and Social Security Law § 607-c (a) provides that performance of duty disability retirement benefits shall be available only to a correction officer "who becomes physically or mentally incapacitated for the performance of duties as the natural and proximate result of an injury, sustained in the performance or discharge of his or her duties by, or as the natural and proximate result of any act of any inmate." The statute contemplates that "a correction officer's injuries be caused by direct interaction with an inmate" (*Matter of Escalera v Hevesi*, 9 AD3d 666, 667 [2004], *lv denied* 3 NY3d 608 [2004]; *see generally Matter of Arcuri v New York State & Local Retirement Sys.*, 291 AD2d 621, 622 [2002]; *Matter of Dean v McCall*, 270 AD2d 625, 626 [2000]). Here, petitioner asserts that because he was transporting the paperwork of inmates who had applied for furloughs at the time he slipped on ice in the parking lot and injured himself, the inmates' actions were the cause of his injuries. We cannot agree. The inmates did not cause petitioner to slip and fall on the ice. Any connection between the inmate conduct and the resulting injury is too attenuated to bring it within the coverage of the statute (*see Matter of Escalera v Hevesi, supra* at 667). Accordingly, the determination of the Comptroller is supported by substantial evidence.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.