In the Matter of JOSEPH M. RITSI, Petitioner, v ALAN G. HEVESI, as State Comptroller, et al., Respondents. [790 NYS2d 285]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, sustained injuries in a fall after allegedly stepping on an AA-size battery while inspecting prison cells along a catwalk. After petitioner's application for

disability retirement benefits pursuant to Retirement and Social Security Law article 15 was granted, he sought performance of duty disability retirement benefits under Retirement and Social Security Law § 607-c (a), which, as relevant to correction officers, required petitioner to show that his injury was sustained "by, or as the natural and proximate result of any act of any inmate." After petitioner's application was disapproved, he sought a hearing and redetermination. Thereafter, the Hearing Officer found that petitioner had failed to meet his statutory burden and declared him ineligible for performance of duty disability retirement benefits. Respondent Comptroller adopted the Hearing Officer's findings, resulting in this CPLR article 78 proceeding.

Upon our review of the record, we find that petitioner's testimony—that inmates regularly threw debris, including batteries, onto the catwalk, that the area of the catwalk on which he fell was covered with such debris at the time of his fall, and that clearing the catwalk of debris was among his employment duties—provides substantial evidence supporting the determination of petitioner's ineligibility for benefits under Retirement and Social Security Law § 607-c (a). In this regard, the Hearing Officer was entitled to conclude from the evidence adduced at the hearing that petitioner's injury was not directly caused by an act of an inmate and that petitioner's failure to sweep the catwalk on the day of his accident constituted a sufficient intervening cause that severed the causal link that may have existed between an inmate placing the battery onto the catwalk and petitioner's subsequent fall (*see Matter of Escalera v Hevesi*, 9 AD3d 666, 667 [2004], *lv denied* 3 NY3d 608 [2004]).

Contrary to petitioner's assertions, the Hearing Officer found petitioner to be ineligible not under common-law principles of negligence or willfulness but, rather, was guided by the statute's plain and unambiguous requirement that petitioner's fall be "the natural and proximate result of any act of any inmate." As the record contains substantial evidence to support the Hearing Officer's conclusion that petitioner's injury resulted from his failure, negligent or otherwise, to sweep the catwalk clear of debris and not as a proximate result of "any act of any inmate" within the meaning of the subject statute, the determination must be upheld, even though there is evidence that would support a contrary result (*see Matter of Hoehn v Hevesi*, 14 AD3d 761, 763 [2005]; *Matter of Ammann v Comptroller*, 13 AD3d 858, 859 [2004]). Petitioner's remaining arguments have been considered and found to be meritless.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.