■ In the Matter of SALVATORE ESPOSITO, Petitioner, v ALAN G. HEVESI, as Comptroller of the State of New York et al., Respondents. [815 NYS2d 363]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer employed by the Department of Correctional Services, slipped on food on the floor of a cellblock and fell in December 1981, injuring his left knee. In October 1997, he injured his back while helping to lift an inmate who had fallen out of bed and who claimed to be unable to assist in lifting himself off a stretcher. As relevant to this appeal, petitioner's application for performance of duty disability retirement benefits was denied by the hearing officer and affirmed on administrative appeal by respondent Comptroller because petitioner did not bear his burden of proving that these injuries were the result of an act of any inmate (*see* Retirement and Social Security Law § 507-b [a]).

The Comptroller's factual conclusions have a rational basis in the record and are therefore supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181-182 [1978]; *see e.g. Matter of Ritsi v Hevesi,* 15 AD3d 832, 833 [2005]). With respect to the December 1981 incident, petitioner admitted that he had not seen who had

placed the food on the floor, and there was no other eyewitness testimony. Although petitioner stated that it must have been an inmate because he had not seen any correction officers take food onto the cellblock, his testimony permits the inference that he was not constantly at his post. The Comptroller's conclusion that the evidence was too speculative to sustain petitioner's burden of proof that an act of an inmate caused his injury is not irrational. To the extent that the Comptroller did not credit petitioner's recollection of an incident that occurred more than 20 years prior to the hearing, such a credibility determination is within his province (*see Matter of Mruczek v McCall*, 299 AD2d 638, 639 [2002]). With regard to the October 1997 incident, petitioner did not offer any evidence that the inmate who was "deadweight" engaged in any act that was a proximate cause of petitioner's back injury. Inasmuch as the Comptroller's factual conclusions are supported by substantial evidence, the determination will not be disturbed (*see id.*; *Matter of Dean v McCall*, 270 AD2d 625, 626 [2000]), even though the evidence in the record may have supported a different result (*see Matter of Ritsi v Hevesi, supra*; *Matter of Ammann v New York State Comptroller*, 13 AD3d 858, 859 [2004], *lv denied* 5 NY3d 702 [2005]).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.