■ In the Matter of PAUL A. WRIGHT, Petitioner, v ALAN G. HEVESI, as State Comptroller, Respondent. [847 NYS2d 776]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer at the Westchester County Department of Correction, applied for performance of duty disability retirement benefits for injuries he sustained when he fell in a pipe and sewage area of the facility where he was working. Upon the denial of the application, petitioner requested a hearing and a redetermination. The Hearing Officer upheld the initial denial and found that petitioner did not sustain his burden of proving that his injuries were the natural and proximate result of an act of any inmate (*see* Retirement and Social Security Law § 607-c). Respondent accepted the findings and conclusions of the Hearing Officer, prompting the commencement of this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's assertions, the record before us provides substantial evidence to support the finding that petitioner's injuries were not proximately caused by the act of an inmate (*see Matter of Mruczek v McCall*, 299 AD2d 638 [2002]). As this Court has noted, the applicable statute (Retirement and Social Security Law § 607-c) requires that "a correction officer's injuries be caused by direct interaction with an inmate" (*Matter of Escalera v Hevesi*, 9 AD3d 666, 667 [2004], *lvs denied* 3 NY3d 608 [2004]; *see Matter of Egiziaco v Office of Comptroller of State of N.Y.*, 15 AD3d 747 [2005]).

According to petitioner, he was ordered to retrieve property of an inmate from the area in question. He testified that there was soapy water dripping from the floor above the area onto the bag containing the inmate's property and that the water dripped on the floor causing petitioner to slip and fall and to hurt his knee. Petitioner claims that the inmate hid the property there, thus creating the circumstances which set the stage for his accident. However, as the Hearing Officer noted, there was no testimony that an inmate was present when the event occurred. Petitioner's testimony as to who put the inmate's property in the pipe and sewage area was inconsistent; at one point he stated that the inmate had done it, while at another point he testified that he did not know who placed the property there. In addition, the Hearing Officer noted that when petitioner first reported the accident, no mention was made of water being present. Other contemporaneous reports described the accident in the same fashion. It was not until over two years later when petitioner applied for disability benefits that he claimed water was the cause of the fall. As to petitioner's contention that soapy water had leaked from the inmate showers above onto the floor where he slipped, the Hearing Officer cited to the fact that the showers were operated by correction officers, not inmates.

Based on these circumstances, the Hearing Officer was entitled to conclude that petitioner's version of the events was not credible and that even if water had leaked into the area, it could not be attributed to the direct interaction of an inmate, but rather to intervening acts (*see Matter of Ritsi v Hevesi*, 15 AD3d 832 [2005]). The Hearing Officer, and in turn respondent, were vested with the authority to assess witness credibility (*see Matter of Jonigan v McCall*, 291 AD2d 766 [2002]) and we find the factual conclusions to have a rational basis in the record (*see Matter of Esposito v Hevesi*, 30 AD3d 667 [2006]). This is true even though the evidence in the record may have supported a different result (*see Matter of Dann v McCall*, 300 AD2d 790 [2002], *appeal dismissed* 100 NY2d 553 [2003]). Accordingly, we find no basis to disturb the determination rendered.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.