Lahtinen, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for performance of duty disability retirement benefits.
Petitioner, a correction officer for the Westchester County Department of Correction, applied for performance of duty disability retirement benefits after he injured his neck and back while rising from a chair to answer a telephone.[1] Upon the denial of this application,[2] petitioner sought a hearing and redetermination. The Hearing Officer upheld the denial, finding that petitioner failed to demonstrate that his injuries were “the *934 natural and proximate result of any act of any inmate” (Retirement and Social Security Law § 607-c [a]). Respondent thereafter accepted that finding, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge that determination.
We confirm. Retirement and Social Security Law § 607-c (a) provides, in relevant part, that performance of duty disability retirement benefits shall be available to a correction officer “who becomes physically or mentally incapacitated for the performance of duties ... as the natural and proximate result of any act of any inmate.” This Court previously has held that the statute requires that “a correction officer’s injuries be caused by direct interaction with an inmate” (Matter of Escalera v Hevesi, 9 AD3d 666, 667 [2004], lv denied 3 NY3d 608 [2004]; see Matter of Wright v Hevesi, 46 AD3d 1184 [2007]; Matter of Egiziaco v Office of Comptroller of State of N.Y., 15 AD3d 747, 748 [2005]). In our view, respondent properly concluded that such interaction was lacking here.
At the time he was injured, petitioner was stationed in the central control room of the facility and was responsible for staffing the security telephones, doors and alarms. When the telephone rang, signaling a potential emergency within the facility, petitioner, who was sitting at the control panel approximately 3V2 feet away, “very abruptly” stood up to answer the call and experienced pain radiating from his neck. As the call reported an altercation between two inmates, necessitating the dispatch of a tactical response team, petitioner contends that his injuries were the natural and proximate result of an act by an inmate. We cannot agree. Simply put, any connection between the inmates’ conduct and petitioner’s injuries is too attenuated to bring it within the coverage of Retirement and Social Security Law § 607-c (see Matter of Egiziaco v Office of Comptroller of State of N.Y., 15 AD3d at 748; Matter of Escalera v Hevesi, 9 AD3d at 667). Accordingly, we find no basis upon which to disturb respondent’s determination.
Peters, J.E, Rose, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

. Petitioner’s application also cited a May 1993 incident, which is not at issue in this proceeding.

. The employer subsequently filed an application on behalf of petitioner for disability retirement benefits pursuant to Retirement and Social Security Law article 15, which was granted. Although petitioner challenged the employer’s right to do so, that issue is not before us.