■ In the Matter of ANGELO M. ALLESANDRO, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, et al., Respondents. [892 NYS2d 602]—

McCarthy, J.

In February 1993, while responding to a disturbance in the special housing unit admissions room at a state correctional facility, petitioner, a correction officer, slipped and fell on a section of floor that was wet with snow and slush, injuring his right knee. In October 1996, petitioner injured his right arm, shoulder and wrist while manually operating a 300-pound cell door. Petitioner thereafter applied for accidental and performance of duty disability retirement benefits. After a hearing, the February 1993 incident was determined to be an accident for purposes of the Retirement and Social Security Law, but the remaining claims were denied. Upon review, respondent Comptroller denied all applications for benefits, specifically finding that the February 1993 incident did not constitute an accident. Petitioner commenced this proceeding to review the Comptroller's determination and the matter was transferred to this Court.

We confirm. The record contains substantial evidence that petitioner's injuries were not sustained "by, or as the natural and proximate result of any act of any inmate" (Retirement and Social Security Law § 607-c [a]; see Matter of Wright v Hevesi, 46 AD3d 1184, 1184 [2007]). Substantial evidence also supports the Comptroller's conclusion that petitioner's injuries were not the result of "a sudden, fortuitous mischance, unexpected, out of the ordinary and injurious in impact" (Matter of Lichtenstein v Board of Trustees of Police Pension Fund of Police Dept. of City of N.Y., Art. II, 57 NY2d 1010, 1012 [1982]).

With respect to petitioner's 1993 slip and fall injury, there is simply no evidence in the record of any contributory act by any inmate, so no basis for performance of duty disability was established (see Retirement and Social Security Law § 607-c [a]). As to petitioner's claim for accidental disability retirement benefits, petitioner admitted that, on that wintry day, "the floor was obviously wet, slushy, [with] some ice" because people coming from outside stamped their boots in that entry area. Petitioner also acknowledged having seen such conditions in that area prior to the date of this incident. Accordingly, we find no reason to disturb the Comptroller's determination that petitioner suffered no "sudden, fortuitous mischance" and that his slip and fall did not result from an unexpected event (see Matter of Confreda v New York State Comptroller, 56 AD3d 938, 939 [2008], lv denied 12 NY3d 708 [2009]).

With respect to the 1996 injury, petitioner testified that he felt threatened by an inmate's failure to follow instructions when the automatic door to the inmate's cell malfunctioned in a partially open position. The inmate initially complied with instructions to stand in the far corner of the cell and face away from the door with his arms folded across his chest. However, when the door jammed, the inmate turned around, dropped his hands and started to move toward petitioner. Petitioner claims that he was then injured by the strain of swiftly and manually closing the door.

In contrast to petitioner's testimony, however, the employer's report of the incident indicated that petitioner was injured when he "attempted to open a cell door that failed to open electronically" (emphasis added). No evidence was submitted of any disciplinary action against the prisoner for failing to follow petitioner's orders. " 'It is well settled that any apparent inconsistency between a petitioner's sworn testimony and written documents presents a credibility issue for resolution by the finder of fact' " (id. at 940, quoting Matter of Hamilton v Hevesi, 28 AD3d 965, 966 [2006]; see Matter of Arcuri v New York State & Local Retirement Sys., 291 AD2d 621, 622-623 [2002]). Substantial evidence therefore supports the Comptroller's determination that any connection between the inmate's actions and petitioner's injury was too attenuated to afford coverage under the statute (see Matter of Davis v DiNapoli, 56 AD3d 933, 934 [2008]; Matter of Egiziaco v Office of Comptroller of State of N.Y., 15 AD3d 747, 748 [2005]; Matter of Escalera v Hevesi, 9 AD3d 666, 667 [2004], lv denied 3 NY3d 608 [2004]).

Petitioner also testified that all of the cell doors in the special housing unit would periodically malfunction. These malfunc-

tions occurred "a few times a week" and it was not unusual for officers "to have to give the door a couple of whacks to get it to move." Such testimony supports the Comptroller's conclusion that petitioner's injury did not result from an unexpected or unforeseen event or "accident" within the meaning of the Retirement and Social Security Law (*see Matter of Franks v New York State & Local Retirement Sys.*, 47 AD3d 1115, 1116 [2008]; *Matter of Woods v McCall*, 240 AD2d 839, 839 [1997], *lv denied* 90 NY2d 808 [1997]).

We have reviewed petitioner's remaining contentions and find them to be without merit.

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.