██ In the Matter of MARTIN T. KOZIUK, Petitioner, v NEW YORK STATE COMPTROLLER et al., Respondents. [915 NYS2d 164]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits for injuries he sustained in a fall that occurred in the correctional facility's kitchen, where he had been assigned to patrol. After his application was initially disapproved, petitioner requested a redetermination and a hearing was held. Following the hearing, a Hearing Officer concluded that petitioner's disability was not caused by an act of an inmate and denied his application. Respondent Comptroller adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

We confirm. Petitioner bore the burden of demonstrating that his injuries were the natural and proximate result of an act of an inmate (*see* Retirement and Social Security Law § 607-c [a]; *see generally Matter of Wright v Hevesi*, 46 AD3d 1184 [2007]; *Matter of Esposito v Hevesi*, 30 AD3d 667 [2006]). More specifically, petitioner was required to establish that his injuries were "caused by direct interaction with an inmate" (*Matter of Escalera v Hevesi*, 9 AD3d 666, 667 [2004], *lv denied* 3 NY3d 608 [2004]; *accord Matter of Davis v DiNapoli*, 56 AD3d 933, 934 [2008]). Attempting to do so, petitioner—the lone witness to testify—stated that he slipped on the floor of the kitchen because it was covered with grease and water, ostensibly the result of inmates cooking hamburgers and mopping the floor, respectively. However, petitioner could only speculate as to the cause of the grease and a report completed the day following the incident supports the conclusion that an inmate had recently finished removing water from the floor.

Moreover, that report, which is signed by petitioner, indicates that the incident was not "inmate related." While petitioner maintained that he did not complete that portion of the report,

"[i]t is well settled that any apparent inconsistency between a petitioner's sworn testimony and written documents presents a credibility issue for resolution by the finder of fact" (*Matter of Allesandro v DiNapoli*, 68 AD3d 1592, 1594 [2009] [internal quotation marks and citations omitted], *lv denied* 14 NY3d 705 [2010]). Here, the Hearing Officer specifically credited the incident report. Accordingly, as the foregoing constitutes substantial evidence supporting the Comptroller's determination that petitioner's injuries were not the result of his direct interaction with an inmate, we find no basis upon which to disturb it (*see Matter of Davis v DiNapoli*, 56 AD3d at 934; *Matter of Wright v Hevesi*, 46 AD3d at 1184-1185; *Matter of Ritsi v Hevesi*, 15 AD3d 832, 833 [2005]; *Matter of Egiziaco v Office of Comptroller of State of N.Y.*, 15 AD3d 747, 748 [2005]). This is so despite evidence in the record that could support a contrary result.

Petitioner's remaining arguments, including that the Comptroller's decision is inconsistent with administrative precedent, have been reviewed and found to be unpersuasive.

Mercure, J.P., Peters, Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.