■ In the Matter of KEVIN C. PERRY, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, et al., Respondents. [930 NYS2d 317]—

McCarthy, J.

Petitioner, a correction officer, allegedly sustained an injury when he tripped over a bucket while supervising two inmates mopping the locker room floor. Following a hearing, respondent Comptroller denied petitioner's application for performance of duty disability retirement benefits (*see* Retirement and Social

Security Law § 607-c) on the ground that the injury was not caused by an act of an inmate. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging that determination.

We confirm. In order to be entitled to performance of duty disability retirement benefits, a petitioner must demonstrate that he or she is "physically or mentally incapacitated for the performance of duties as the natural and proximate result of an injury, sustained in the performance or discharge of his or her duties by, or as the natural and proximate result of any act of any inmate" (Retirement and Social Security Law § 607-c [a]). This requires that the petitioner demonstrate that his or her injuries were " 'caused by direct interaction with an inmate' " (*Matter of Koziuk v New York State Comptroller*, 78 AD3d 1458, 1459 [2010], quoting *Matter of Escalera v Hevesi*, 9 AD3d 666, 667 [2004], *lv denied* 3 NY3d 608 [2004]). Here, petitioner was injured while supervising inmates mopping the floor. According to petitioner, he walked backwards in order to move out of the way of one of the inmates and fell backwards over the mop bucket. The other inmate then grabbed petitioner's arm in an attempt to break his fall. In view of this testimony, there exists a rational basis for the Comptroller's conclusion that the incident was not directly caused by acts of the inmates. Accordingly, substantial evidence supports the determination and it will not be disturbed, even though testimony at the hearing, if credited, could support a contrary result (*see Matter of Koziuk v New York State Comptroller*, 78 AD3d at 1460; *Matter of Esposito v Hevesi*, 30 AD3d 667, 668 [2006]).

Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.