In the Matter of SHERRI HUNT, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [940 NYS2d 348]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of disability retirement benefits.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits in August 2007, alleging that she was permanently disabled due to a 1995 left shoulder injury resulting from an act of an inmate. Petitioner's application was disapproved and she thereafter requested a hearing and redetermination. Following a hearing, the Hearing Officer affirmed the denial of benefits, concluding that petitioner had not established that her current disability was the natural and proximate result of the 1995 incident (*see* Retirement and Social Security Law § 607-c [a]). Respondent adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

It was conceded at the hearing that the 1995 incident was an act of an inmate and that petitioner is disabled from the performance of her duties, leaving petitioner with the burden of demonstrating that her disability was the "natural and proximate result" of the 1995 incident (Retirement and Social Security Law § 607-c [a]; *see Matter of Parish v DiNapoli*, 89 AD3d 1315, 1316 [2011]; *Matter of Koziuk v New York State*

*Comptroller*, 78 AD3d 1458, 1459 [2010]). Other than her own assertion, petitioner did not establish a causal link between her 1995 shoulder injury and her current disability. Although Eric Zitzman, the board-certified orthopedic surgeon who evaluated petitioner and her medical records on behalf of the New York State and Local Retirement System, noted tendinitis in petitioner's left shoulder, he concluded that the 1995 injury was not the competent producing cause of her current disability. Rather, Zitzman opined that petitioner's permanent disability for the performance of her duties was overwhelmingly due to her inflammatory rheumatoid arthritis involving multiple joints that severely restrict functions of the upper and lower extremities and limit ambulation, as well as fibromyalgia and low back radiculopathy. Although another physician indicated that petitioner's left shoulder injury may possibly contribute to her left shoulder pain, he concluded that it is "unlikely that her current disability is due to her [1995] left shoulder injury." To the extent that the record presents conflicting medical evidence, respondent has the exclusive authority to weigh such evidence and credit one medical opinion over another (*see Matter of Neely v DiNapoli*, 71 AD3d 1367, 1369 [2010]).

As the record reveals that various physicians provided "an articulated, rational and fact-based opinion" regarding petitioner's disability following a physical examination of petitioner and a review of her medical records, we find no error in the Hearing Officer's determination that petitioner's current disability was not a result of the 1995 incident (*Matter of Lata v Hevesi*, 39 AD3d 1131, 1133 [2007] [internal quotation marks and citation omitted]; *see Matter of Neely v DiNapoli*, 71 AD3d at 1369). Respondent's acceptance of the Hearing Officer's findings and conclusions is, therefore, supported by substantial evidence (*see Matter of Lata v Hevesi*, 39 AD3d at 1133).

Mercure, A.P.J., Rose, Malone Jr. and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.