■ WILLIAM G. DUNN, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [946 NYS2d 321]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a firefighter, filed an application for performance

of duty disability retirement benefits alleging that he was permanently disabled due to an injury sustained in March 2007. Petitioner claimed that, as he climbed off a fire truck, he "twisted and injured his lower back when his right foot hung up on a step of the fire truck [causing him to grab] a rail on the truck in an attempt to regain his footing and balance." Respondent ultimately denied the application, prompting this CPLR article 78 proceeding.

We confirm. As the applicant herein, "petitioner bore the burden of demonstrating that he was incapacitated from the performance of duty as the natural and proximate result of [a] . . . disability sustained in service" (*Matter of Monachelli v DiNapoli*, 84 AD3d 1687, 1688 [2011], *lv denied* 18 NY3d 802 [2011] [internal quotation marks and citations omitted]; *see Matter of Ferris v DiNapoli*, 92 AD3d 1079, 1080 [2012]). At the hearing, petitioner produced the testimony of Frederick Fletcher, a board-certified orthopedic surgeon who performed two hip replacement surgeries on petitioner prior to the accident. Fletcher testified that petitioner's pain was caused by an injury to his sacroiliac (hereinafter SI) joint, and that he was permanently incapacitated due to pain in his SI joint that was caused by the March 2007 incident. Despite his conclusion that petitioner's hips were not the source of the pain, Fletcher did acknowledge that the left hip became infected in 2008, necessitating another total hip replacement.

In response, the New York State and Local Retirement System presented the testimony of Patrick Connolly, a board-certified orthopedic surgeon who, after performing a physical examination of petitioner and reviewing his medical records, issued a report concluding that petitioner's permanent disability was not attributable to the March 2007 accident. Connolly testified that petitioner suffered from, among other things, severe osteoarthritis of both hips and preexisting degenerative disc disease. He explained that the March 2007 incident was not the type of significant trauma that would produce the alleged injury to the SI joint, although he did indicate that petitioner's preexisting degenerative disc disease could cause nerve root irritation in that area. Connolly concluded that the infection of the replacement hip was the more probable cause of petitioner's hip pain, and his testimony was found credible by the Hearing Officer.* Inasmuch as Connolly's rational, fact-based opinion provided substantial evidence from which respondent could determine that petitioner's disability was not caused by the March 2007

---

* Notably, Fletcher acknowledged in his testimony that the infection in petitioner's hip replacement site would cause him pain.

incident, we find no basis to disturb that determination (*see Matter of Hunt v DiNapoli*, 93 AD3d 1017, 1018 [2012]; *see also Matter of Ferris v DiNapoli*, 92 AD3d at 1080).

Rose, Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.