■ In the Matter of FABAYO WATKINS, Petitioner, v THOMAS P. DiNAPOLI, as New York State Comptroller, Respondent. [984 NYS2d 665]—

Lahtinen, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits based upon work-related injuries she suffered in 2010. The application was initially denied and petitioner requested a hearing and redetermination. Following the hearing, the Hearing Officer upheld the denial of the application, finding that petitioner had not established that the injuries were the result of an act of an inmate. Respondent adopted the findings and conclusions of the Hearing Officer and this CPLR article 78 proceeding ensued.

Petitioner bore the burden of demonstrating that the incident in which she sustained her injuries was "the natural or proximate result of any act of an inmate" (Retirement and Social Security Law § 607-c [a]). Petitioner testified that an inmate notified her that there was a mouse in his room and that, while she was subsequently performing her "rounds," a mouse came running out of the inmate's room toward her, causing her to back up, fall over a chair and sustain injuries. Based upon petitioner's testimony and the incident report completed at the time of the incident, there is a rational basis for the conclusion that the incident was not caused by any direct interaction with an inmate (*see Matter of White v DiNapoli*, 94 AD3d 1290, 1290 [2012]; *Matter of Perry v DiNapoli*, 88 AD3d 1047, 1048 [2011]; *Matter of Davis v DiNapoli*, 56 AD3d 933, 934 [2008]). Accordingly, the determination is supported by

substantial evidence and it will not be disturbed (*see Matter of Perry v DiNapoli*, 88 AD3d at 1048; *Matter of Koziuk v New York State Comptroller*, 78 AD3d 1458, 1460 [2010]).

Stein, Garry and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.