■ In the Matter of ROSINA BAUTISTA, Petitioner, v THOMAS P. DiNAPOLI, as Comptroller of the State of New York, Respondent. [894 NYS2d 564]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

Petitioner, a maintenance worker at New Rochelle High School in Westchester County, sustained various injuries in multiple incidents that occurred between 1994 and 2001. She ceased working in May 2001 and applied for ordinary disability retirement benefits shortly thereafter. Respondent ultimately denied her application on the ground that petitioner did not demonstrate that she was permanently incapacitated from performing her job duties. This CPLR article 78 proceeding ensued.

We disagree with petitioner's assertion that the Hearing Officer's decision, subsequently adopted by respondent, fails to set forth an adequate factual basis for denying her application (*see Matter of Leach v New York State Comptroller*, 62 AD3d 1203, 1204 [2009]). Indeed, that decision is clearly based on the expert medical opinions of three physicians who examined petitioner on behalf of the New York State and Local Employees' Retirement System. Specifically, Edward Wolff, an internist, opined that petitioner was not permanently disabled as a result of a hernia, and Mark Kramer, a board-certified specialist in orthopaedic surgery, concluded that there were no objective findings indicating that petitioner was permanently incapacitated from performing the functions of her position due to knee, neck, back or elbow injuries. Steven Schwartz, a board-certified neurologist, testified similarly, stating that petitioner did not

have any nervous system deficits that limited her ability to do her job.

Although petitioner's treating physicians reached different conclusions regarding the level of her incapacity, respondent possesses the broad authority to resolve conflicts in medical evidence and to credit the opinion of one expert over that of another (*see Matter of Hoehn v Hevesi*, 14 AD3d 761, 763 [2005], *lv denied* 4 NY3d 708 [2005]). Inasmuch as the Retirement System's experts articulated rational and fact-based opinions after physically examining petitioner and reviewing pertinent medical records and reports, respondent's determination is supported by substantial evidence and we decline to disturb it (*see Matter of Gatewood v DiNapoli*, 60 AD3d 1266, 1267 [2009]). Petitioner's remaining contentions, to the extent not specifically referenced herein, have been considered and are found to be without merit.

Cardona, P.J., Peters, Rose and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.