■ In the Matter of ALEXANDER F. BLADYKAS, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM, Respondent. [903 NYS2d 810]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

In December 2001, petitioner was terminated from his position as a correction officer for the Nassau County Department of Correction. In May 2002, petitioner suffered a heart attack and applied for performance of duty disability retirement benefits citing adverse medical conditions related to his prior employment. Specifically, petitioner alleges that the demands of

the position of a correction officer, as well as injuries sustained as the result of a slip and fall in 1994 and an altercation with an inmate in 1997, caused him to suffer from a heart condition, high blood pressure, stress disorder, arthritis and bursitis and had rendered him permanently disabled. Petitioner's application was denied and he thereafter sought a hearing and redetermination. Following hearings, the Hearing Officer affirmed the denial of benefits, concluding that petitioner had not established that he was permanently incapacitated for the performance of duty as the result of the act of an inmate (see Retirement and Social Security Law § 607-c [a]). The Comptroller adopted the Hearing Officer's findings and this CPLR article 78 proceeding ensued.

We confirm. Pursuant to Retirement and Social Security Law § 607-c (a), in order to be eligible for performance of duty disability retirement benefits, petitioner must establish that he was "physically or mentally incapacitated for the performance of duties . . . as the natural and proximate result of any act of any inmate." As this Court has held, to be eligible for benefits under this statute, it is required that "a correction officer's injuries be caused by direct interaction with an inmate" (Matter of Escalera v Hevesi, 9 AD3d 666, 667 [2004], lv denied 3 NY3d 608 [2004]; accord Matter of Davis v DiNapoli, 56 AD3d 933, 934 [2008]; Matter of Wright v Hevesi, 46 AD3d 1184, 1184 [2007]). Here, petitioner presented no evidence that his complaints of a heart condition, high blood pressure or stress disorder were the result of direct interaction with an inmate. Further, the record regarding the 1994 slip and fall reflects that petitioner was on routine patrol and injured his knee while walking down stairs, with no evidence presented that any of the injuries he sustained were caused by direct interaction with an inmate so as to form a basis for an award of benefits (see Matter of Allesandro v DiNapoli, 68 AD3d 1592, 1594 [2009], lv denied 14 NY3d 705 [2010]).

With regard to the 1997 incident, where petitioner was kicked in the left hip by an inmate, petitioner testified that this injury resulted in severe arthritis in his hip. Petitioner also presented a letter written by cardiologist Babu Easow, who opined that petitioner is permanently disabled and the disability is related to the 1997 incident. Easow testified, however, that petitioner was not permanently disabled due to a cardiac condition and that he based his conclusion on petitioner's difficulty in walking due to an injured knee, swollen feet and shortness of breath, without relating these conditions to the 1997 incident. In opposition, respondent presented the medical report and testimony

of orthopedist Leon Sultan, who examined petitioner and his medical records and found no ongoing posttraumatic orthopedic impairment preventing petitioner from performing his duties as a correction officer.

Where, as here, there is conflicting medical evidence, the Comptroller is vested with broad authority to weigh the evidence and credit the opinion of one medical expert over that of another (see Matter of Bautista v DiNapoli, 70 AD3d 1165, 1166 [2010]). Inasmuch as the expert opinion relied on is rational and fact-based and founded upon a physical examination and a review of the pertinent medical records, the Comptroller's determination is supported by substantial evidence and will not be disturbed (see Matter of Salik v New York State & Local Employees' Retirement Sys., 69 AD3d 1029, 1030 [2010]). Finally, insofar as petitioner has not presented any evidence that he is disabled from performing his duties as the result of a disease of the heart and his heart attack occurred months after his employment was terminated, the statutory presumption contained in Retirement and Social Security Law § 607-d is not applicable.

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.