■ In the Matter of PAUL F. GESNER, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [911 NYS2d 213]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's applications for accidental disability and performance of duty disability retirement benefits.

Petitioner, a police officer, missed three months of work after sustaining a back injury during the course of his employment in November 2001. He returned to full-duty status in February 2002, however, and continued to work in that capacity until August 2006, when he transitioned to light duty as a result of recurring back pain. One month later, petitioner applied for accidental disability and performance of duty disability retirement benefits, alleging that he was permanently disabled due to the incident that occurred in November 2001. After his applications were disapproved, petitioner requested a redetermination and a hearing was held. Following the hearing, a Hearing Officer concluded that petitioner's incapacity was not caused by the November 2001 accident and denied his applications.* Respondent adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

---

* At the hearing, it was conceded that the November 2001 incident constituted an accident within the meaning of the Retirement and Social Security Law, and a physician who examined petitioner at the request of the New York State and Local Retirement System opined that petitioner was permanently

We confirm. "The medical evidence as to the cause of petitioner's disability was conflicting and respondent was free to weigh the evidence and credit one expert's opinion over that of another" (*Matter of Mazzei v Hevesi*, 45 AD3d 1103, 1104 [2007] [citation omitted]). Here, two board-certified orthopedic surgeons who separately evaluated petitioner agreed that his back problems were attributable to degenerative disease and were unrelated to the 2001 accident. Notably, petitioner sought no medical treatment for his back between June 2002 and November 2005, at which time he experienced pain while walking in his driveway. Although petitioner submitted medical records from physicians who reached contrary conclusions regarding the cause of his injury, respondent acted within his discretion in crediting the rational and fact-based opinions found in the record which support his determination (*see Matter of Hammond-Timpano v New York State & Local Retirement Sys.*, 65 AD3d 1439, 1440 [2009]).

Petitioner's remaining contentions have been reviewed and are determined to be without merit.

Peters, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

incapacitated. The Hearing Officer's determination was limited to whether such incapacity was caused by the 2001 accident.