■ In the Matter of MICHAEL BYRNE, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, et al., Respondents. [926 NYS2d 222]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's applications for accidental and performance of duty disability retirement benefits.

Petitioner, a firefighter, took regular service retirement in 2005 and was thereafter diagnosed with prostate cancer. He underwent surgery to remove the cancer and required no further treatment. Petitioner then applied for accidental and per-

formance of duty disability retirement benefits alleging that he had developed the cancer prior to his retirement (*see* Retirement and Social Security Law § 363 [a] [2]; § 363-c [b] [2]). The applications were denied. Following a hearing, the Hearing Officer determined that petitioner had failed to establish that he was permanently disabled from the performance of his duties as a firefighter and denied the applications. Respondent Comptroller made additional findings of fact and upheld the denial of petitioner's applications. This CPLR article 78 proceeding ensued.

In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties (*see Matter of Meluch v New York State & Local Police & Fire Retirement Sys.*, 80 AD3d 976, 976 [2011]; *Matter of Eddie v DiNapoli*, 72 AD3d 1326, 1327 [2010]).* While petitioner testified that he did not believe he could perform many of his duties as a firefighter due to fatigue and frequent urination, he failed to present any medical evidence supporting permanent incapacity at the hearing.

On the other hand, the record contains the report of a medical expert who examined petitioner and reviewed his medical records on behalf of respondent New York State and Local Retirement System and concluded that petitioner was doing well after his surgery and was not disabled. The record also includes a statement of petitioner's treating physician issued shortly after his surgery indicating that petitioner was not disabled and that his prognosis was good. Inasmuch as the Comptroller's determination is supported by articulated, rational and fact-based medical evidence, we will not disturb it (*see Matter of Meluch v New York State & Local Police & Fire Retirement Sys.*, 80 AD3d at 977; *Matter of Eddie v DiNapoli*, 72 AD3d at 1327; *Matter of Kosilla v Hevesi*, 25 AD3d 870, 871 [2006]).

Peters, J.P., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Notably, the presumption set forth in Retirement and Social Security Law § 363-d, on which petitioner relies, is not relevant in this case as petitioner failed to meet his threshold burden of establishing that he was permanently incapacitated.