■ In the Matter of LUDWIG J. STIMMER, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [951 NYS2d 265]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner, a correction officer, applied for performance of duty disability retirement benefits based upon work-related injuries he suffered on August 24, 1991, March 24, 2003 and March 4, 2008. The application was initially denied and petitioner requested a hearing and redetermination. At the subsequent hearing, petitioner withdrew his claim regarding the 2003 injuries and the Hearing Officer upheld the denial of the application, finding that petitioner had not established that the 2008 injuries were the result of an act of an inmate and that the 1991 injuries were not shown to be causally related to petitioner's disability. Respondent adopted the findings and conclusions of the Hearing Officer, prompting this CPLR article 78 proceeding.*

We confirm. As the applicant, petitioner bore the burden of demonstrating that he is incapacitated from performing his work-related duties due to injuries suffered as the result of an

---

* Petitioner does not address the finding regarding the 1991 injury in his brief to this Court, and any arguments regarding that finding are thus deemed abandoned (*see Matter of Kempkes v DiNapoli*, 81 AD3d 1071, 1071 n [2011]; *Matter of Velazquez v New York State & Local Retirement Sys.*, 17 AD3d 833, 834 n [2005]).

act of an inmate (*see* Retirement and Social Security Law § 507-b [a]; *Matter of Sedlak v DiNapoli*, 84 AD3d 1675, 1677 [2011]). To that end, petitioner testified that, in March 2008, he was escorting two inmates up a flight of stairs when the lights went out in the stairwell and one of the inmates intentionally stuck her leg out and tripped him, causing injuries. In contrast, however, petitioner did not include any reference to being tripped by an inmate in either the incident report he prepared the day of his fall or his application for benefits. Petitioner testified that he failed to include such information in his incident report due to being rushed to complete it prior to being sent for medical attention.

It is well settled that inconsistencies between a petitioner's sworn testimony and written documents present a credibility issue for the factfinder to resolve (*see Matter of Koziuk v New York State Comptroller*, 78 AD3d 1458, 1460 [2010]; *Matter of Allesandro v DiNapoli*, 68 AD3d 1592, 1594 [2009], *lv denied* 14 NY3d 705 [2010]). Here, the Hearing Officer credited the information in the incident report and the application for benefits over petitioner's testimony. Contrary to petitioner's argument, the Hearing Officer expressly stated that the inmate's report was not relied upon in reaching this determination. According due deference to that credibility determination, we are satisfied that respondent's determination is supported by substantial evidence and decline to disturb it (*see Matter of Sedlak v DiNapoli*, 84 AD3d at 1678; *Matter of Esposito v Hevesi*, 30 AD3d 667, 668 [2006]).

Mercure, J.P., Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.