Peters, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner’s application for performance of duty disability retirement benefits.
In 2001, petitioner, a correction officer, injured his right shoulder in an altercation with an inmate. Following surgery on his shoulder, he returned to work without restrictions. He injured his right shoulder again in both 2005 and 2008, when objects that he was hanging on racks in the facility property room fell on him. In 2009, petitioner applied for performance of duty disability retirement benefits, alleging that he was permanently disabled due to the 2001 injury resulting from the act of an inmate. The application was denied and petitioner sought a hearing and redetermination. Following a hearing, the Hearing Officer affirmed the denial of the application, concluding that petitioner had not satisfied his burden of establishing that his permanent disability was the natural and proximate result of the 2001 injury (see Retirement and Social Security Law § 607-c [a]). Respondent adopted the Hearing Officer’s determination and this CPLR article 78 proceeding ensued.
We confirm. It is uncontroverted that petitioner is permanently disabled from performing the duties of a correction officer. Therefore, petitioner bore the burden of demonstrating that his disability was the natural and proximate result of an act of an inmate (see Retirement and Social Security Law § 607-c [a]; Matter of Hunt v DiNapoli, 93 AD3d 1017, 1017 [2012]). Petitioner testified that his treating physician informed him that the 2005 and 2008 incidents did not result in a new injury, *1053 but rather aggravated the 2001 injury. Petitioner also submitted a report from a physician who performed an independent medical examination on him and a report from his chiropractor. Both opined that his 2001 injury was exacerbated by the 2005 and 2008 incidents. The orthopedic surgeon who examined petitioner and reviewed his medical records on behalf of the New York State and Local Employees’ Retirement System opined, however, that the 2001 injury was not the cause of petitioner’s disability, citing his return to full duty for several years following that injury, as well as preexisting osteoarthritis.
It is well settled that “[Respondent possesses the authority to resolve conflicts in the medical evidence and to credit one expert’s opinion over that of another, so long as the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records” (Matter of Freund v Hevesi, 34 AD3d 950, 950 [2006]). Accordingly, inasmuch as the Retirement System’s expert provided a rational and fact-based opinion based upon an examination of petitioner and a review of his medical records, respondent’s determination is supported by substantial evidence and it will not be disturbed, despite evidence in the record that might support a contrary result (see Matter of Ashley v DiNapoli, 97 AD3d 1057, 1060 [2012]; Matter of Kossifos v DiNapoli, 92 AD3d 1073, 1074 [2012]).
McCarthy, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.