*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 7, 2014                    518144
_____

In the Matter of SARAH R.
    BATES,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
NEW YORK STATE AND LOCAL
    POLICE AND FIRE RETIREMENT
    SYSTEM,
                        Respondent.
_____

Calendar Date:   June 4, 2014

Before:  Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                        _____


        Culley, Marks, Tanenbaum & Pezzulo, LLP, Rochester (Glenn
E. Pezzulo of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                        _____


Egan Jr., J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Comptroller which denied
petitioner's applications for performance of duty and accidental
disability retirement benefits.

        In January 2009, petitioner, a firefighter, applied for
performance of duty and accidental disability retirement
benefits, claiming that she was permanently disabled due to
injuries to her back sustained in incidents that occurred in 2000
and 2007.  After the applications initially were denied,

petitioner requested a hearing and redetermination.  Following a hearing, the Hearing Officer upheld the denials, finding that petitioner had not established that she was permanently incapacitated from performing her job duties and that neither incident constituted an accident within the meaning of Retirement and Social Security Law § 363.  The Comptroller thereafter upheld the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding.[1]

We confirm.  As the applicant, petitioner bore the burden of establishing that she was permanently incapacitated from performing her duties as a firefighter (see Matter of Pavone v DiNapoli, 114 AD3d 1012, 1013 [2014]).  "Where, as here, there is conflicting medical evidence, [the Comptroller] is vested with the exclusive authority to weigh such evidence and credit the opinion of one medical expert over another" (Matter of Gatewood v DiNapoli, 60 AD3d 1266, 1267 [2009] [citation omitted]; accord Matter of Arroyo v DiNapoli, 93 AD3d 980, 981 [2012]).

The Comptroller credited the medical opinion of Austin Leve, the board-certified orthopedic surgeon who testified for respondent, over the opinions of petitioner's treating orthopedic surgeon and her rheumatologist, and we disagree with petitioner's contention that Leve's opinion lacked a proper foundation.  The record establishes that Leve's opinion was based upon a physical examination of petitioner in August 2009 and a review of the pertinent medical records.  Based upon such examination and review, Leve opined that, although petitioner had subjective complaints, there were no objective findings indicating that she was permanently incapacitated from performing her job duties.  Although petitioner is correct that Leve did not review an MRI performed on her subsequent to his examination, Leve testified that he was aware of the MRI results and that such results did

---

[1]  As petitioner did not address the Comptroller's findings that the 2000 and 2007 incidents were not accidents within the meaning of Retirement and Social Security Law § 363 in her brief, any arguments concerning the denial of her application for accidental disability retirement benefits are deemed abandoned (see Matter of Dymond v Hevesi, 24 AD3d 938, 938 n [2005]).

not change his opinion.  Inasmuch as Leve's opinion was rational, fact-based and founded upon a physical examination of petitioner and a review of relevant medical records, we decline to disturb the Comptroller's determination, notwithstanding other evidence in the record that could support a contrary result (see Matter of Marello v DiNapoli, 111 AD3d 1052, 1053 [2013]; Matter of Cantelmo v New York State Comptroller, 105 AD3d 1306, 1307-1308 [2013]).

Peters, P.J., Stein, Rose and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court