*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                    518298
_____

In the Matter of MICHAEL M.
    PELLITTIERE,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE AND LOCAL
    POLICE AND FIRE RETIREMENT
    SYSTEM,
                        Respondent.
_____

Calendar Date:   September 10, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

        Cully, Marks, Tannenbaum & Pezzulo, LLP, Rochester (Glenn
E. Pezzulo of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Lynch, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Comptroller which denied
petitioner's applications for performance of duty and accidental
disability retirement benefits.

        Petitioner began working as a firefighter in 1990, and a
physical examination at that time revealed no evidence of any
heart condition.  He was thereafter found to have intermittent
atrial fibrillation.  The condition became chronic over time and,
as a result, he was removed from his normal duties in 2008 and

assigned to work as a driver for volunteer firefighters. He performed that work for several months and then applied for accidental and performance of duty disability retirement benefits, relying in part upon the statutory presumption that his heart condition "was incurred in the performance and discharge of duty and the natural and proximate result of an accident, unless the contrary be proved by competent evidence" (Retirement and Social Security Law § 363-a [1]). Respondent denied both applications, and petitioner requested a hearing and redetermination. The Hearing Officer denied both applications upon the bases that petitioner was not permanently incapacitated from performing his duties and that, in any event, the statutory presumption had been rebutted in all respects and petitioner had not established his entitlement to either retirement benefit. The Comptroller accepted the Hearing Officer's findings and conclusions in relevant part, prompting petitioner to seek review via this CPLR article 78 proceeding.

"In connection with any application for accidental or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Byrne v DiNapoli, 85 AD3d 1530, 1531 [2011]; see Matter of Pavone v DiNapoli, 114 AD3d 1012, 1013 [2014]). Here, several cardiologists examined petitioner and disagreed as to the degree and permanency of his disability. The cardiologists did agree, however, that petitioner's heart condition was asymptomatic. While the employer nevertheless found petitioner to be medically unfit for standard firefighting duties due to national firefighting standards, that determination was not binding upon the Comptroller (see Retirement and Social Security Law § 74 [b]; Matter of Weaver v DiNapoli, 108 AD3d 974, 975 n [2013]; Matter of Keller v Regan, 212 AD2d 856, 858 [1995]). The Comptroller instead credited the reports and testimony of cardiologist Adel Soliman, who examined petitioner and opined that his condition was asymptomatic and "would not be a hindrance from performing" his normal work duties. Thus, despite the presence of medical evidence in the record that could support a different result, Soliman's opinion constitutes substantial evidence to support the Comptroller's determination that petitioner was not permanently incapacitated from performing his

duties (see Matter of Pavone v DiNapoli, 114 AD3d at 1013; Matter of Sedlak v DiNapoli, 84 AD3d 1675, 1677 [2011]; Matter of Bladykas v New York State & Local Employees' Retirement Sys., 75 AD3d 749, 751 [2010]).  Inasmuch as "petitioner failed to meet his threshold burden of establishing that he was permanently incapacitated," we need not address his arguments regarding the presumption set forth by Retirement and Social Security Law § 363-a (Matter of Byrne v DiNapoli, 85 AD3d at 1531 n; see Matter of Bladykas v New York State & Local Employees' Retirement Sys., 75 AD3d at 751).

Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court