*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015               520903
_____

In the Matter of MICHAEL
    GONZALEZ,
                    Petitioner,

            v                              MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
    Comptroller,
                    Respondent.
_____

Calendar Date:  October 16, 2015

Before:  McCarthy, J.P., Rose, Lynch and Devine, JJ.

                    _____

        Bartlett, McDonough & Monaghan, White Plains (Michael
Catallo of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

                    _____

Rose, J.

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent, among other things, denying
petitioner's application for performance of duty disability
retirement benefits.

        Petitioner, a police officer, was diagnosed with coronary
artery disease and underwent triple bypass surgery in 2010.  He
thereafter applied for performance of duty disability retirement
benefits, citing his heart condition.  The application was
initially denied and petitioner requested a hearing and
redetermination.  At the subsequent hearing, the New York State

and Local Police and Fire Retirement System conceded that petitioner's heart disease was causally related to his employment pursuant to the statutory presumption (see Retirement and Social Security Law § 363-a), but challenged petitioner's claim that he was permanently disabled from performing his job duties. The Hearing Officer thereafter found, among other things, that petitioner had failed to demonstrate that he was permanently disabled. Respondent adopted the findings and conclusions of the Hearing Officer and denied the application, prompting this CPLR article 78 proceeding.[1]

We confirm. "In connection with any application for . . . performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Byrne v DiNapoli, 85 AD3d 1530, 1531 [2011] [citations omitted]; accord Matter of Pellittiere v New York State & Local Police & Fire Retirement Sys., 121 AD3d 1143, 1144 [2014]). Moreover, respondent "is vested with the authority to resolve conflicts in the medical evidence and to credit the opinion of one expert over another, and its determination will not be disturbed when supported by substantial evidence" (Matter of Occhino v DiNapoli, 117 AD3d 1156, 1156 [2014]; see Matter of Pavone v DiNapoli, 114 AD3d 1012, 1013 [2014]). Here, petitioner presented the report of his treating cardiologist, Kenneth Kaplan, who opined that petitioner should not return to his usual police duties due to the stress involved in the job and that petitioner was permanently disabled. In contrast, the Retirement System presented the report and testimony of cardiologist Sydney Mehl, who examined petitioner and reviewed his medical records at its request. Mehl opined that petitioner was not permanently

---

[1] Petitioner had also filed an application for accidental disability retirement benefits contending that he was permanently disabled from performing his job duties due an accident that occurred on August 12, 2010. That application was heard with petitioner's performance of duty application. Respondent denied the accidental disability application and, insofar as petitioner does not address this issue in his brief, it is deemed abandoned (see Matter of Dymond v Hevesi, 24 AD3d 938, 938 n [2005]).

incapacitated from performing his job duties, including running and physical altercations. He based his opinion on the successful outcome of the surgery, normal results from his cardiac examination and an electrocardiogram and petitioner's report of having a "good" cardiac stress test. Although petitioner challenges Mehl's opinion on the ground that Mehl did not include a list of the records he had reviewed in forming the opinion, Mehl testified that he reviewed all the records sent to him, including petitioner's job duties. Insofar as Mehl's opinion was rational, fact-based and founded upon a physical examination and a review of the relevant medical records, respondent's determination is supported by substantial evidence and it will not be disturbed, notwithstanding the evidence in the record that would support a contrary result (see Matter of Bates v New York State & Local Police & Fire Retirement Sys., 120 AD3d 872, 873 [2014]; Matter of Marello v DiNapoli, 111 AD3d 1052, 1053 [2013]).

McCarthy, J.P., Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court