## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 17, 2016　　　　　522693
_____

In the Matter of STEVEN M.
　　MOLLOY,
　　　　　　　　　　Petitioner,

　　　v　　　　　　　　　　　　MEMORANDUM AND JUDGMENT

THOMAS P. DiNAPOLI, as State
　　Comptroller, et al.,
　　　　　　　　　　Respondents.
_____

Calendar Date:  October 11, 2016

Before:  Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

_____

　　　　Lippes Mathias Wexler Friedman LLP, Albany (Thomas D. Latin of counsel), for petitioner.

　　　　Eric T. Schneiderman, Attorney General, Albany (William E. Storrs of counsel), for respondents.

_____

Clark, J.

　　　　Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller denying petitioner's application for performance of duty disability retirement benefits.

　　　　Petitioner worked as a correction officer for approximately 7½ years and, during this time, was involved in three work-related incidents in which he injured his left shoulder.  The first occurred on June 6, 2008 when petitioner was assisting other correction officers in restraining a combative inmate.  The second incident occurred in August 2009 when petitioner removed a

package from a shelf while at work and experienced a pop in his left shoulder. The third incident occurred in November 2010 while petitioner was lifting a 50-pound package. Following the third incident, petitioner underwent surgeries to repair a labral tear in his left shoulder, but was never able to return to work and his employment was ultimately terminated.

In August 2011, petitioner filed an application for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 507-b. Following an initial determination denying his application, petitioner requested a hearing and redetermination. During further proceedings, respondent New York State and Local Employees' Retirement System conceded that petitioner was permanently disabled, and the parties agreed that the only issue to be resolved was whether the June 6, 2008 incident was the cause of petitioner's disability. The Hearing Officer concluded that it was not, citing the medical evidence, including the report of Bradley Wiener, a physician who conducted an independent medical examination of petitioner. Respondent Comptroller adopted the Hearing Officer's decision and denied petitioner's application, and this CPLR article 78 proceeding ensued.

The burden was on petitioner to establish that his disability was the "natural and proximate result" of the June 6, 2008 incident (Retirement and Social Security Law § 507-b [a]; see Matter of Palmateer v DiNapoli, 117 AD3d 1228, 1229 [2014], lv denied 24 NY3d 901 [2014]; Matter of Calhoun v New York State & Local Employees' Retirement Sys., 112 AD3d 1172, 1173 [2013]). Where conflicting medical evidence is presented, the Comptroller retains the exclusive authority to weigh the evidence and credit the opinion of one medical expert over that of another, provided that "the credited expert articulates a rational and fact-based opinion founded upon a physical examination and review of the pertinent medical records" (Matter of Calhoun v New York State & Local Employees' Retirement Sys., 112 AD3d at 1174 [internal quotation marks and citations omitted]; see Matter of Marello v DiNapoli, 111 AD3d 1052, 1053 [2013]).

Here, petitioner put forth the opinion of Andrew Beharrie, an orthopedic surgeon, to establish that his disability was

causally related to the June 6, 2008 incident and not to the incidents occurring in August 2009 and November 2010. Beharrie stated that, when he first examined petitioner in January 2009, petitioner had been out of work since September 2008 and appeared to suffer from bursitis and a possible labral tear in the left shoulder. Beharrie stated that he cleared petitioner to return to a light duty assignment in April 2009, but indicated that, following the incidents in August 2009 and November 2010, petitioner's shoulder condition had significantly worsened, causing him to miss work and to require surgery. Based upon his treatment of petitioner, Beharrie stated that the June 6, 2008 incident "started [petitioner's] downward trend in terms of his symptoms" and "allowed for the subsequent deterioration with relatively minor trauma." Thus, Beharrie opined that the June 6, 2008 incident was the event that caused petitioner's disability.

The Retirement System presented the contrary medical opinion of Wiener, who examined petitioner and reviewed his medical records, as well as other pertinent documentation. Significantly, Wiener observed that petitioner did not undergo any medical treatment immediately following the June 6, 2008 incident, that he returned to work in a full-duty capacity, without any restrictions, the next day and that the employee accident report did not disclose that petitioner sustained any injury at the time of his evaluation at the facility health center (see Matter of Ashley v DiNapoli, 97 AD3d 1057, 1059 [2012]). In view of this, and based upon his physical examination, Wiener opined that the June 6, 2008 incident was not the cause of petitioner's permanent disability, but that petitioner's need for surgical intervention was due to the two subsequent incidents that occurred in August 2009 and November 2010. Wiener's opinion was consistent with the reports submitted by two other physicians who examined petitioner in connection with his claim for workers' compensation benefits.

Despite petitioner's claim to the contrary, we find that Wiener provided a rational, fact-based medical opinion supported by his physical examination of petitioner, as well as documentation in the record, and that the Comptroller was entitled to rely upon Wiener's medical opinion in determining that the June 6, 2008 incident was not the cause of petitioner's

disability (see Matter of Ortiz v DiNapoli, 98 AD3d 1224, 1225 [2012]; Matter of Ashley v DiNapoli, 97 AD3d at 1059; compare Matter of King v DiNapoli, 75 AD3d 793, 794-795 [2010]).  Given that substantial evidence supports the determination, we find no reason to disturb it.

Peters, P.J., Lynch, Devine and Aarons, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court