██ In the Matter of JOSEPH FEDERIGHI, Petitioner, v THOMAS P. DiNAPOLI, as State Comptroller, Respondent. [55 NYS3d 808]—

Devine, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's applications for disability and performance of duty disability retirement benefits.

Petitioner was employed as a correction officer at the Westchester County Jail beginning in 2000. On November 20, 2010, petitioner assisted in controlling a female inmate who was refusing direct orders to remove her street clothes as part of the booking process. Petitioner's responsibility was to physically pin down the inmate with a torso-sized plastic police shield while the other correction officers attempted to remove her clothes, which he did. Petitioner felt that the incident "went on forever" and he "was experiencing extreme anxiety" during the incident. Petitioner stopped working in 2011 and has never returned.

In November 2011, petitioner applied for Retirement and Social Security Law article 15 disability and performance of duty disability retirement benefits, alleging that he was permanently disabled due to posttraumatic stress disorder and chronic fatigue syndrome stemming from the November 2010 incident. Following the initial denial of his applications, petitioner requested a hearing and a redetermination. After

considering hearing testimony and reviewing petitioner's medical records and evaluative reports, the Hearing Officer found, among other things, that petitioner was not permanently incapacitated from the performance of his duties and denied both applications. Respondent adopted the Hearing Officer's decision, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. "In connection with any application for [article 15 disability] or performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (*Matter of Califano v DiNapoli*, 147 AD3d 1177, 1177-1178 [2017] [internal quotation marks and citation omitted]; *see Matter of Aliperti v DiNapoli*, 138 AD3d 1378, 1379 [2016]). "Moreover, respondent is vested with the authority to resolve conflicting medical evidence in that regard and to credit one expert's opinion over another, and his determination will be sustained if supported by substantial evidence" (*Matter of Anderson v DiNapoli*, 126 AD3d 1278, 1279 [2015] [citations omitted]; *see Matter of Aliperti v DiNapoli*, 138 AD3d at 1379).

The Hearing Officer credited the evaluative report of Steven Fayer, a psychiatrist who performed an independent medical examination of petitioner on behalf of the New York State and Local Retirement System. Fayer opined that petitioner suffered from a major depressive disorder and a general anxiety disorder—neither of which were alleged in petitioner's applications—and concluded that petitioner's condition was not permanent and that he would be able to return to work as a correction officer after a period of at least six months of aggressive psychiatric treatment. Contrary to petitioner's contention, this articulated, rational and fact-based evaluative report constituted substantial evidence for the determination that petitioner was not permanently incapacitated from the performance of his duties (*see Matter of Guadagnolo v DiNapoli*, 128 AD3d 1246, 1249 [2015]; *Matter of Buczynski v New York State & Local Empls. Retirement Sys.*, 291 AD2d 630, 630-631 [2002]; *compare Matter of Cook v New York State Comptroller*, 135 AD3d 1117, 1119 [2016]), particularly in light of another independent medical examiner making the same diagnoses and leaving open the possibility that petitioner could improve with treatment.

Petitioner's medical witnesses testified to the contrary, but, suffice it to say, these differing opinions created a credibility issue for respondent to resolve (*see Matter of Miata v McCall*, 277 AD2d 590, 591 [2000]). Petitioner's remaining contentions,

to the extent they are not rendered academic by the foregoing, have been examined and rejected.

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.