the presumption of compensability was therefore premature. Claimant now appeals.

"In general, piecemeal review of issues in workers' compensation cases should be avoided" (*Matter of Covert v Niagara County*, 146 AD3d 1065, 1066 [2017]; *see Matter of DePascale v Magazine Distribs., Inc.*, 116 AD3d 1100, 1101 [2014]; *Matter of Ogbuagu v Ngbadi*, 61 AD3d 1198, 1199 [2009]). Here, claimant failed to appear at the hearing and did not provide any testimony or documentary evidence in support of his allegation that decedent died while in the course of his employment, prompting the Board to defer resolution of the applicability of the Workers' Compensation Law § 21 (1) presumption pending submission of additional information by claimant. We therefore decline to review the Board's decision inasmuch as it directed further development of the record, was interlocutory and did not dispose of the substantive issue or reach a potentially dispositive threshold legal issue (*see Matter of Lewis v Stewart's Mktg. Corp.*, 122 AD3d 1048, 1049 [2014]; *Matter of Zaldivar v SNS Org.*, 119 AD3d 1134, 1135 [2014]; *Matter of Fetter v Verizon*, 94 AD3d 1277, 1278 [2012]). As the nonfinal decision now before us is reviewable upon an appeal from the Board's final decision, this appeal must be dismissed.

Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur. Ordered that the appeal is dismissed, without costs.

■ In the Matter of CRAIG E. KEITEL, Petitioner, v THOMAS P. DINAPOLI, as State Comptroller, Respondent. [62 NYS3d 207]—

Mulvey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.

Petitioner, a police sergeant, was injured on January 1, 2011 when he slipped on snow while assisting another officer transport an intoxicated woman to an awaiting ambulance. As a result, he sustained injuries to his right shoulder, neck, lower back and right knee, the latter of which he previously injured in another work-related accident. Petitioner was treated at the emergency room and then released. He missed several days of work, but eventually returned to a light-duty assignment. Thereafter, petitioner had surgery on his right shoulder and underwent facet joint injections, as well as physical therapy for his back. Approximately nine months after the incident, he

was advised that he would have to either return to full duty or retire. He retired in December 2011. Petitioner subsequently filed an application for performance of duty disability retirement benefits, and his application was denied on the ground that he was not permanently incapacitated from performing his duties. The denial was upheld by a Hearing Officer following a hearing and later by respondent. This CPLR article 78 proceeding ensued.

We confirm. It is well-settled that an applicant for performance of duty disability retirement benefits bears the burden of establishing that he or she is permanently incapacitated from fulfilling his or her job duties (*see Matter of Gonzalez v DiNapoli*, 133 AD3d 1078, 1078-1079 [2015]; *Matter of Griffin v DiNapoli*, 117 AD3d 1355, 1356 [2014], *lv denied* 24 NY3d 903 [2014]). Where there are conflicting medical opinions on the issue of permanent incapacity, respondent is vested with the authority to credit the opinion of one medical expert over that of another (*see Matter of Federighi v DiNapoli*, 151 AD3d 1162, 1162, [2017]; *Matter of Rawson v DiNapoli*, 150 AD3d 1606, 1606 [2017]). Ultimately, respondent's determination will be upheld if supported by substantial evidence (*see Matter of Federighi v DiNapoli*, 151 AD3d at 1163; *Matter of Gonzalez v DiNapoli*, 133 AD3d at 1079).

Here, respondent credited the medical opinion of John Mazella, the orthopaedic surgeon who examined petitioner on behalf of the New York State and Local Employees' Retirement System, over that of Marc Habif, petitioner's treating chiropractor. Mazella conducted an in-depth physical examination of petitioner after his shoulder surgery and reviewed his medical history, which revealed that he had prior surgeries for parathyroid cancer, including a pericardial complication and embolism in his right arm, as well as hyperlipidemia, hypocalcemia, osteopenia, diabetes and obesity. In addition, he reviewed petitioner's job description, the injury report and numerous medical records, including the results of various diagnostic tests. Mazella concluded that, although petitioner had some weakness in his right shoulder, it was not significant, and the surgical repair of his rotator cuff had a satisfactory outcome. He stated that, with functional rehabilitation, petitioner could strengthen his shoulder so that he could perform the physical duties of his job. In addition, he noted that petitioner had some arthritis in his lumbar spine that was due to the aging process, but found that his lumbar spine and lower extremities were within normal neurological limits. Likewise, he found no neurological deficits in petitioner's cervi-

cal spine or any deformity or restriction in petitioner's right knee. Consequently, he opined that petitioner's right shoulder, lower back, neck and right knee did not render petitioner permanently incapacitated from performing his job duties. Nevertheless, he noted that petitioner's other medical conditions, namely, hypocalcemia, osteopenia and obesity, could impact his ability to work full time.

Habif, who began providing chiropractic treatment to petitioner after his right shoulder surgery, diagnosed petitioner with a number of conditions involving his neck, back and right shoulder that he opined rendered petitioner totally disabled and permanently incapacitated from performing his job duties. Respondent, however, was free to reject Habif's opinion in favor of the "rational and fact-based opinion" of Mazella (*Matter of Mulvaney v DiNapoli*, 92 AD3d 1021, 1021 [2012] [internal quotation marks and citations omitted]; *see Matter of Rawson v DiNapoli*, 150 AD3d at 1606). Accordingly, given that substantial evidence supports respondent's determination, we find no reason to disturb it. In view of our disposition, we need not address petitioner's remaining claim.

Peters, P.J., McCarthy, Rose and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.