Matter of Ellrodt v DiNapoli (2019 NY Slip Op 00938)





Matter of Ellrodt v DiNapoli


2019 NY Slip Op 00938


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

526719

[*1]In the Matter of FRANK ELLRODT, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Bartlett LLP, White Plains (Jacob Schwartz of counsel), for petitioner.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for performance of duty disability retirement benefits.
Following the results of a 2007 stress test, stents were placed in petitioner's heart and, shortly thereafter, he was cleared to return to his employment as a correction officer without restrictions. In March 2013, petitioner applied for performance of duty disability retirement benefits pursuant to Retirement and Social Security Law § 607-d as a result of his heart condition. His application was initially denied. Following a hearing, the Hearing Officer also denied the application finding that petitioner failed to meet his burden of establishing that he was permanently incapacitated from the performance of his duties at the time that he filed his application for benefits. Respondent accepted the findings and conclusions of the Hearing Officer. This CPLR article 78 proceeding ensued.
We confirm. "In connection with any application for . . . performance of duty disability retirement benefits, the applicant bears the burden of proving that he or she is permanently incapacitated from the performance of his or her job duties" (Matter of Gonzalez v DiNapoli, 133 AD3d 1078, 1078 [2015] [internal quotation marks and citations omitted]; see Matter of Keitel v DiNapoli, 154 AD3d 1047, 1048 [2017]; Matter of Pennachio v DiNapoli, 95 AD3d 1557, 1557 [2012]). "Moreover, respondent is vested with the authority to resolve conflicting medical evidence in that regard and to credit one expert's opinion over another, and his determination will be sustained if supported by substantial evidence" (Matter of Federighi v DiNapoli, 151 AD3d 1162, 1163 [2017] [internal quotation marks and citations omitted]; see Matter of Gonzalez v DiNapoli, 133 AD3d at 1079).
The record contains the medical report and testimony of John Sumner, a cardiologist who examined petitioner in September 2013, reviewed his medical records and, contrary to petitioner's contention, was aware of petitioner's duties as a correction officer. Sumner testified that petitioner was "not disabled whatsoever." Sumner explained the various cardiac test results, including nuclear stress tests in 2011 and 2012, which showed remarkable negative results and depicted no ischemia or damage to petitioner's heart. Based upon the test results and the absence of any medical restrictions noted in the medical records from petitioner's treating cardiologists (whom petitioner saw every three to six months since the 2007 stent procedure), Sumner opined that petitioner had no medical disability related to his heart condition that rendered him incapacitated from performing his employment duties.
Furthermore, the record reflects that petitioner worked approximately 386 hours of overtime each year between 2011 and 2013. Although Mack Sullivan, a specialist in physical medicine and rehabilitation, opined that, based upon his 2016 examination of petitioner and results of various tests that he performed on petitioner, petitioner was permanently incapacitated due to coronary heart disease, he also acknowledged that he was only able to offer an opinion regarding petitioner's medical condition as of 2016, not as of the time the application for disability retirement benefits was filed in 2013.
Inasmuch as the expert opinion relied on is rational, fact-based and founded upon a physical examination and a review of the pertinent medical tests and records, substantial evidence supports respondent's determination, and that determination will not be disturbed (see Matter of Pennachio v DiNapoli, 95 AD3d at 1560; Matter of Bladykas v New York State & Local Employees' Retirement Sys., 75 AD3d 749, 751 [2010]). As petitioner did not meet the threshold burden of establishing that he was disabled from performing his duties at the time that he submitted his application, the statutory presumption contained in Retirement and Social Security Law § 607—d is not applicable (see e.g. Matter of Bladykas v New York State & Local Employees' Retirement Sys., 75 AD3d at 751).
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.