Matter of Buckshaw v DiNapoli (2019 NY Slip Op 00944)





Matter of Buckshaw v DiNapoli


2019 NY Slip Op 00944


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

527001

[*1]In the Matter of RICKY A. BUCKSHAW, Petitioner,
v
THOMAS P. DiNAPOLI, as State Comptroller, Respondent.

Calendar Date: January 11, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Aarons, JJ.


Joann Peraino, Garden City, for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Lynch, J.P.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent denying petitioner's application for accidental disability retirement benefits.
Petitioner, a police officer, filed an application for accidental disability retirement benefits in March 2015 based upon incidents that occurred in January 2014 and November 2014 — both of which allegedly resulted in injuries to petitioner's left knee. The application was denied upon the ground that the incidents did not constitute accidents within the meaning of Retirement and Social Security Law § 363. Following a hearing, at which petitioner withdrew the January 2014 incident as a basis for his application, the Hearing Officer upheld the denial, finding that the November 2014 incident did not constitute an accident. Respondent adopted the Hearing Officer's findings and conclusions, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.[FN1]
As the applicant, "petitioner [bore] the burden of demonstrating that his disability arose out of an accident as defined by the Retirement and Social Security Law, and respondent's determination in that regard will be upheld if supported by substantial evidence. . . . To be deemed accidental, an injury must not have been the result of activities undertaken in the ordinary course of [petitioner's] job duties but, rather, must be due to a precipitating accidental event [that] is not a risk of the work performed" (Matter of Stancarone v DiNapoli, 161 AD3d 144, 146-147 [2018] [internal quotation marks, brackets and citations omitted]; see Matter of [*2]Loia v DiNapoli, 164 AD3d 1513, 1514 [2018]; Matter of Rosenbergen v DiNapoli, 144 AD3d 1384, 1385 [2016]). Stated another way, petitioner needed to establish "that the precipitating event [giving rise to his injuries] was sudden, unexpected and not a risk of the work [he] ordinarily performed" (Matter of Stancarone v DiNapoli, 161 AD3d at 147).
In his written statement describing the November 2014 incident, petitioner indicated that he and another police officer, Frank Guidice, responded to a residential domestic call involving a mother and her 23-year-old agitated son. When petitioner advised the agitated individual that he needed to go to a local hospital, the individual stood up and began punching himself in the face — opening up a laceration on his cheek. At this point, petitioner attempted to restrain the individual, who continued to kick and struggle, and the two of them fell onto a nearby couch. Petitioner and Guidice then attempted to bring the individual to the floor in order to handcuff him and facilitate his transport to the hospital. During this process, petitioner's left leg became entangled with the legs of the individual that he and Guidice were attempting to restrain, and petitioner's "left leg slipped on the rug and ended up underneath the couch"; at this point, petitioner's leg "got twisted," causing "a sudden sharp pain in [his] left knee." According to petitioner's written statement, the individual continued to struggle until he was restrained on a stretcher and placed in the ambulance for transport. Guidice ultimately did not testify at the hearing, but his written statement mirrored the account of the incident set forth in petitioner's written statement — specifically, that he and petitioner attempted to restrain the still-struggling individual, whose legs thereafter became entangled with petitioner's legs, resulting in an injury to petitioner's left knee.
At the hearing, however, petitioner offered a contrary version of events — one in which he alone successfully restrained the individual in question and the resulting injury to his left knee stemmed not from any entanglement with the individual he was attempting to subdue but, rather, from a defect in the wall-to-wall carpeting in the residence. In this regard, petitioner testified that he refused Guidice's offer of assistance because he had the individual "under complete control" prior to attempting to move him from the couch to the floor. Petitioner further testified that, as he planted his left foot and initiated this transfer, the carpeting "buckled" and "shifted," causing his leg to slide underneath the couch, at which point his left knee "popped."
To be sure, had petitioner's account of the November 2014 incident — as set forth in his hearing testimony — been credited, respondent reasonably could have concluded — based upon the unexpected buckling or shifting of the wall-to-wall carpeting — that such incident constituted an accident for purposes of awarding petitioner accidental disability retirement benefits (see e.g. Matter of Loia v DiNapoli, 164 AD3d at 1515). However, petitioner's written and testimonial accounts of the incident indeed are contradictory (compare Matter of DeMaio v DiNapoli, 160 AD3d 1276, 1277-1278 [2018]), and this conflict presented a credibility issue for the Hearing Officer and, ultimately, respondent to resolve (see Matter of Bodenmiller v DiNapoli, 157 AD3d 1120, 1122 [2018]; Matter of Mitchell v DiNapoli, 154 AD3d 1029, 1031 [2017]; Matter of Stimmer v DiNapoli, 98 AD3d 1216, 1217 [2012]). Here, the Hearing Officer credited the account of the incident as set forth in petitioner's written statement and, in so doing, reasonably concluded that petitioner's injury resulted from restraining an unruly individual, which, in turn, was an inherent risk of petitioner's employment as a police officer (see Matter of Bodenmiller v DiNapoli, 157 AD3d at 1122; Matter of Somuk v DiNapoli, 145 AD3d 1339, 1340 [2016]). "According due deference to that credibility determination, we are satisfied that respondent's determination is supported by substantial evidence and decline to disturb it" (Matter of Stimmer v DiNapoli, 98 AD3d at 1217 [citations omitted]). Petitioner's remaining arguments on this point have been examined and found to be lacking in merit.
Clark, Mulvey, Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: In the interim, petitioner applied for and was granted performance of duty disability retirement benefits.